[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT (137)
This motion is predicated on five claims as enumerated therein. The nub of these claims is that an error in the instructions confused the jury and resulted in an illogical and unreasonable verdict.
The charge as delivered gave birth to no exceptions.
The jury presented the following note:
 "explain again statutory negligence and the effect of another party of equal negligence."
The court then responded "to explain what we think was the question you asked." Statutory negligence was again explained to the jury.
The instructions were continued as follows:
 "Now, with respect to the other part of the question; the first thing I want to give to you is this one; if you find that Margaret Camerer was negligent in any degree, in the operation of her motor vehicle that negligence is not to be imputed to the Plaintiff and who was a passenger in the motor vehicle. In the case before you if you find that the Defendant Kathleen Shields was negligent, but you find the other operator Margaret Camerer was also negligent and that the negligence of Margaret Camerer entirely superseded the Defendant Kathleen Shield's negligence in essence Margaret Camerer's negligence is severed or broke the chain of causation between Shield's negligence and Campion's injuries. And CT Page 2589 Shield's negligence could longer, could no longer reasonably be held to be a substantial factor in producing Campion's injuries. If Shield's negligence is not a proximate cause of Plaintiff Ann Campion's injuries then Shields would not be reasonably liable or responsible for Campion's injuries or losses. In the case before us it is for you to determine whether the negligence if any of Kathleen Shield's constituted a substantial factor in producing Campion's injuries or whether the negligence of Margaret Camerer was an intervening cause which entirely superseded. If you find Margaret Camerer was negligent and Margaret Camerer's negligence superseded any negligence on the part of Shields, then Shield's cannot be legally liable or responsible for the injuries. I hope that explains it for you, if it doesn't you can ask us an other question."
. . . . . . .
 The court: I asked them if that explained their question and two or three nodded their heads.
. . . . . . .
 Plaintiff's attorney did not agree that the above supplemental charge fully explained the jury's question.
. . . . . . .
The court then stated to the jury:
 "I just want to explain, the opening of the explanation I just gave you I stated what we thought was the import of your question and I read your question and put it into the record, Mr. Goldblatt doesn't agree that that was the question you asked, the answer I gave you. So the only thing I can tell you is he doesn't agree. If that did not answer your question please submit another or other questions so that we can be certain we gave you the answer that you were looking for. I thought that's what you were looking for, he doesn't agree to it. If you have another question feel free to CT Page 2590 write it out and send it out."
Subsequently the jury asked for a copy of the material from which the Judge responded to the second part of the last question.
The court denied that request but read again the previously given instructions as above quoted. The court failed to obtain agreement from the plaintiff's attorney to give the jury a written copy of that portion of the Charge.
Plaintiff further claimed confusion on the part of the jury, a unilateral conclusion.
The court further instructed the jury as follows:
 "The record may indicate the that the 6 Jurors are present. Good morning ladies and gentlemen of the Jury. There seems to be some question as to whether or not the Jury is confused on the instructions that I gave to
The verdict is not palpably against the evidence. There is no manifest injustice. This court cannot conclude that the jury were influenced by partiality, prejudice, mistake or corruption. Barbieri v. Taylor, 37 Conn. Sup. 1, 3 (1980).
Motion denied.
John N. Reynolds State Trial Referee